UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DUANE HUSS,

    Plaintiff,

    v.                                         Case Nos. 23-C-518 & 23-C-519

TIME WARNER INC. CORPORATE
OFFICE & HEADQUARTERS,

    Defendant.

---

## SCREENING ORDER

---

On April 21, 2023, Plaintiff Travis Duane Huss, acting *pro se*, filed two nearly identical complaints against Defendant Time Warner Inc. Corporate Office & Headquarters. Plaintiff alleges that, on March 29, 2021, he entered into a contract with Defendant for unlimited data, text, and calls on his cell phone. He asserts that, despite his contract, Defendant reduced his data. Although Defendant's customer service representatives advised that it had fixed the issue, Plaintiff's apps worked with very slow speed, did not work as promised, or did not work at all. Plaintiff alleges that he was unable to use the data on the cell phone he paid $1,099 for. In Case No. 23-C-518, Plaintiff asserts claims of breach of contract and fraud, and in Case No. 23-C-519, he asserts only a breach of contract claim. In both cases, Plaintiff seeks $100 billion in damages.

Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed an affidavit of indigence and, upon review of

that affidavit, it appears Plaintiff could not afford the filing fee. Accordingly, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). A federal court cannot hear an action if it lacks subject matter jurisdiction, established through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff has the burden to prove that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff asserts that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where there is complete diversity of citizenship among the parties to the action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff asserts that he is a citizen of Wisconsin and Defendant is a corporation headquartered in New York. Even if the court assumes diversity of the parties, Plaintiff's complaint fails to meet the jurisdictional amount of damages required to proceed under § 1332. A plaintiff's claim of damages must be brought in good faith. *See Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009). Courts will find jurisdiction based on a plaintiff's complaint unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Plaintiff's fanciful and conclusory request for $100 billion is so excessive in comparison with the facts alleged as to evidence a lack of good faith. Accordingly, Plaintiff has not met the amount in controversy

2

requirement needed to exercise federal diversity jurisdiction over his claims, and Plaintiff's complaints must be dismissed for lack of subject matter jurisdiction.

For these reasons, the actions are dismissed *sua sponte* for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his motion to appoint counsel (Dkt. No. 3) is **DENIED as moot**. The Clerk is directed to enter judgment accordingly. Because Plaintiff has filed a number of actions that have been dismissed as frivolous or for lack of subject matter jurisdiction, Plaintiff is warned that if he persists in filing frivolous lawsuits over which the court lacks subject matter jurisdiction, the court may impose monetary sanctions and/or bar him from bringing any further action *in forma pauperis*.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge